Borenstein, J.
The plaintiff, William Norton, brought this action for breach of contract and related claims after he was terminated from his position as a supervisor with United Parcel Services (UPS) on January 6, 1989 for integrity related offenses. The plaintiffs complaint originally included counts for defamation (Count I), breach of contract (Count II), and violation of civil rights pursuant to M.G.L.c. 12 (Count III). The defendant moved for summary judgment on each of the plaintiffs claims. The parties stipulated that Counts I and III be dismissed with prejudice and that Richard Deery, Andrew Matuszak, Richard Doyle, Thomas Jones and Daniel Gilday be dismissed from this litigation as parties. Therefore, the only issue remaining before this Court is defendants’ motion for summary judgment on Count II against UPS for breach of contract. For the reasons set forth below, the defendants’ motion is allowed.
BACKGROUND
Norton was hired by UPS in 1973. Over the course of the next sixteen years, he was promoted to the position of supervisor. The plaintiff never had a written employment agreement with UPS.
On or about January 4, 1989, Norton was fired from his position at UPS for “integrity related problems.” Richard Doyle,' Packaging Division Manager, fired Norton because he believed that Norton had compromised UPS’s investigations of two other employees; that Norton had a history of integrity violations; and that Norton’s performance was less than acceptable. Plaintiff denies these allegations and maintains that UPS failed to comply with the provisions of its policy book and that he was entitled to certain procedures and considerations as outlined in the policy book. Plaintiff further contends that defendant acted in bad faith before and during the time of his employment termination. Based on these allegations, Norton claims breach of contract by UPS.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
The defendant is entitled to summary judgment on plaintiffs breach of contract claim because the plaintiff is an at-will employee. The general rule is that “Employment at will is terminable by either the employee or the employer without notice, for almost any reason or for no reason at all.” Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 9 (1988). An employee is considered to be at-will if the employment contract, be it express or implied, contains no definite period of employment... Id.
The plaintiff contests the application of this standard in the plaintiffs case, arguing that UPS bound itself to a higher or different standard of conduct based on the policies and procedures outlined in its policy book. This Court disagrees with plaintiffs contention and bases its decision on the fact that Norton was an at-will employee whose employment status was not affected or altered by the provisions in the UPS policy book.
Plaintiff first asserts that he was wrongfully terminated because UPS failed to comply with the provisions of its policy book. Specifically, plaintiff claims that he was a partner and therefore entitled to certain procedures and considerations. He supports his contention in *314 part with the following provision from UPS’s policy book. ‘
We function as parties. Although we are organized in corporate form, we function as partners in our working relationships with each other and we make our management decisions together.
Plaintiff claims that UPS’s alleged failure to comply with provisions in its policy book raises genuine issues of material fact. This Court disagrees. The policy book does not create a partnership or contract in the legal sense but serves merely as an expression of the company’s philosophy, which provides a “guide for managers and supervisors." It neither creates a contract nor confers ah additional legal duty on the defendant. Plaintiff was an at-will employee, and defendant exercised his right to terminate, with or without cause, Norton’s employment.
Furthermore, an employee manual is not sufficient to modify the employment-at-will rule when the employer secures the right to unilaterally modify the terms, the document provides “guidance” rather than an offer, there is no indication of any negotiation of the document, and there exists no statement about a term of employment or requirement for a signature or show of assent. Id. at 14-15. Therefore, plaintiffs argument fails to raise genuine issues of material fact concerning his status as an at-will employee.
Plaintiff has also argued that defendant acted in bad faith in its activities leading up to and including the firing of the plaintiff. While an at-will employee may generally be terminated for any reason or no reason at all, there are certain restrictions to the at-will rule. An employer may not act in bad faith by laying off an employee for the purpose of benefitting financially at the plaintiffs expense. See Jackson, supra at 9; Fortune v. National Cash Register Co., 373 Mass. 96, 103-05 (1977); Siles v. Travenol Laboratories Inc., 13 Mass.App.Ct. 354-58 (1982). However, plaintiff has not asserted or demonstrated that defendant benefited financially by firing the plaintiff, and the court notes that this restriction is not applicable to the present case.
In addition, the employer may not terminate the employee for reasons that are contrary to public policy. Kolodziej v. Smith, 412 Mass. 215, 221, 222 (1992); Siles, supra. The plaintiff has not raised this exception as grounds for breach of contract, and in this Court’s view, there is no public policy sufficient to make this final restriction applicable to the present case.
The defendant UPS exercised its basic business right to terminate an at-will employee with or without cause. Norton could have been fired “for no reason at all,” but instead was fired for integrity problems. The Court need not examine the legitimacy of this termination, since the employer is not required to show cause. The Court finds no contract or additional obligations resulting from defendant’s policy book to create an employment contract between plaintiff and defendant. Plaintiff has failed to provide genuine issues of material fact to find a contract, and this case does not fall under either exception to the at-will rule.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED.